IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LA TIDTUS JONES                                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 1:14-cv-258-LG-JCG

SUPERINTENDENT JOHNNIE
DENMARK, ET AL.                                                                   DEFENDANTS

# REPORT AND RECOMMENDATION

BEFORE THE COURT is a Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies (ECF No. 55) filed by Defendants Johnnie Denmark, Lt. Mark Davis, Timothy Morris, Brenda Sims, Hubert Davis, Rongelia Powe, Melton Martin, Stacy Taylor, Ronald King,[1] Chaplain Unknown Powell, Mike Hatten, Christopher Luker, Gloria Perry,[2] and Chaplain David Finch. Defendants Wexford Health Services Inc., Dr. Ronald Woodall, and Dr. Unknown Woodland joined the Motion (*see* ECF No. 57), which seeks to dismiss many – but not all – of Plaintiff's claims. Plaintiff responded on November 25, 2015 (ECF No. 59), and Defendants replied on December 10, 2015 (ECF No. 60; ECF No. 61). Plaintiff then filed a sur-reply/motion entitled "Plaintiff Response in Opposition to Docket 57 58 60 61 for Failure to Exhaust Administrative Remedies" (ECF No. 62) on December 28, 2015, seeking, among other things, appointment of counsel. Having considered the submissions of the parties and relevant legal authority, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF

---

[1] Dismissed from the suit via Text Only Order dated November 16, 2015.
[2] Dismissed from the suit via Text Only Order dated November 16, 2015.

1

No. 55) should be GRANTED because Plaintiff failed to exhaust administrative remedies with regards to most of his claims before filing suit. Additionally, after conducting a *sua sponte* review pursuant to 28 U.S.C. § 1915A of Plaintiff's remaining claims, the Court determines that they should be dismissed as well. Finally, Plaintiff's request that he be appointed counsel should be DENIED.

I.   Background

La Tidus Jones is currently incarcerated with the Mississippi Department of Corrections (MDOC) at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. He filed this action under 42 U.S.C. § 1983 on July 3, 2014, alleging numerous violations of his rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. (ECF No. 1). Proceeding *pro se* and *in forma pauperis*, he makes the following claims[3]:

1. That Defendants Lt. Mark Davis and Stacy Taylor watched six fellow inmates physically assault him and did not intervene. (ECF No. 15, at 2).

2. That Plaintiff put Defendants Johnnie Denmark, Timothy Morris, Hubert Davis, and Melton Martin on notice of the threats he had received from the same six inmates before the assault and Defendants failed to protect him. *Id.* at 3.

3. That Defendants Lt. Mark Davis and Stacy Taylor refused to provide him with medical treatment immediately following the assault and,

---

[3] He had also alleged claims regarding his parole eligibility, the calculation of his sentence, and the handling of his ARP complaints against former Defendants Alicia Box and Joseph Cooley, which were dismissed by Chief District Judge Guirola in his October 8, 2014 Memorandum Opinion and Order (ECF No. 18).

2

with Hubert Davis, refused to provide him with medical treatment the next day as well. *Id.*

4. That Defendants Lt. Mark Davis, Stacy Taylor, and Hubert Davis intended for Plaintiff to be assaulted by those six inmates as retaliation for filing lawsuits. Specifically, that Lt. Mark Davis stated, "I don't think [Plaintiff] is getting the picture and crazy inmates that file federal law suits against wardens will get just as what you got;" and that Hubert Davis stated, "I don't see any injuries do y'all see any injuries?;" and that all three Defendants laughed at Plaintiff. *Id.* at 3, 9. Plaintiff alleges that Lt. Mark Davis made other threats as well. *See id.* at 11.

5. That Defendant Timothy Morris saw his injuries after the assault and did not offer the availability of medical assistance. *Id.* at 3.

6. That Rongelia Powe denied him relocation from the unit where he was assaulted. *Id.* at 9. Further, that he was denied relocation because he was a black inmate who had filed grievances against MDOC staff members, while white inmates who reported being in fear for their life were moved to new locations. *Id.* at 4.

7. That he did not receive medical attention for three or four weeks after the assault despite submitting at least twelve inmate sick call requests. *Id.* Specifically, that Defendant Brenda Sims refused to have him medically examined. *Id.* at 10.

8. That Defendant Dr. Woodall refused to provide adequate medical care to him when Plaintiff finally received medical attention and stated to him, "You didn't die, I don't see anything wrong but a few lump and bumps." *Id.* at 4. Also, that Dr. Woodall refused to refer Plaintiff to a bone specialist after he was assaulted. *Id.* at 10.

9. That Defendants Wexford Health Services, Inc.'s staff and Dr. Woodall have failed to remedy Plaintiff's known injuries with which he has suffered since arriving at SMCI. *Id.* at 10.

10. That Defendants Lieutenant L. Singleton and K-9 Officer Christopher Luker interfered with Plaintiff's prayer and fasting during Ramadan and that Defendants Chaplain Finch and Warden Timothy Morris failed to remedy these First Amendment violations. *Id.* at 11.

11. That Defendant Singleton allowed another inmate to read and remove some of Plaintiff's legal files from the inmate legal storage room, which included evidence necessary for proving Plaintiff's claims in another law suit. (ECF No. 17, at 2).

12. That each of the above-listed acts and omissions were made pursuant to the orders of Defendants Johnnie Denmark and Ronald King and that Defendants all acted in concert to retaliate against Plaintiff for filing prior lawsuits. (ECF No. 15 at 7, 13).

13. That he has also generally been deprived of adequate living conditions, asserting that the SMCI employees "keep[] off the lights 24

> HRS each day," that he is subjected to "excessive noise," that the restroom facilities are unsanitary, that he has not been provided with adequate clothing, and that he has been denied haircuts. *Id.* at 15, 17.

Defendants filed the instant Motion for Summary Judgment (ECF No. 55) on October 21, 2015, arguing that claims 1-10 have not been exhausted by the Plaintiff because they were either (1) never grieved through the Administrative Remedy Program (ARP) or (2) backlogged at the time this suit was filed, and therefore had not been addressed by the ARP. (*See* ECF No. 56, at 1-3). Plaintiff responds that (1) he has evidence to prove that he has exhausted his claims, and (2) summary judgment is inappropriate because the Court "cannot determine which claims are herein is exhausted in light of the ambiguous nature of the (ARP) remedy evidence." (ECF No. 59, at 1-2). Although it is not entirely clear which of Plaintiff's claims Defendants concede to be exhausted,[4] the Court finds that all claims not obviously unexhausted are either foreclosed as a matter of law or entirely unsupported by evidence, and should therefore also be dismissed.

## II. DISCUSSION

### A. Legal Standards

#### a. Summary Judgment Standard

Summary Judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's

---

[4] Defendants identify claims they argue are unexhausted and reference the list of Plaintiff's claims outlined in Chief District Judge Guirola's October 8, 2016 Memorandum Opinion and Order (ECF No. 18) as a point of comparison from which one could determine the remaining exhausted claims. However, Defendants do not characterize Plaintiff's claims in the same way that Chief District Judge Guirola did, complicating this comparison for the Court.

5

case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

    b. The Prison Litigation Reform Act

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), applies and requires that this case be screened.

The PLRA provides that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

B. The PLRA's Exhaustion Requirement

A centerpiece of the PLRA's effort to "reduce the quantity and improve the quality of prisoner suits" is an "invigorated" exhaustion provision. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C.§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Porter*, 534 U.S. at 525). Proper exhaustion is required. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*

C. <u>Plaintiff Did Not Exhaust MDOC's ARP for Claims 1-10</u>

The Mississippi Code grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801.

7

MDOC has implemented an ARP through which prisoners may seek formal review of a complaint or grievance relating to any aspect of their incarceration. *See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program. Effective September 19, 2010, the ARP is a two-step process. *See Threadgill v. Moore*, No. 3:10-cv-378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011). A prisoner may only have one active complaint at a time; thus when a prisoner files multiple complaints, all but the first are maintained in backlog. *Wilson v. Epps*, 776 F.3d 296, 300 (5th Cir. 2015).

Defendants assert that Plaintiff failed to exhaust his administrative remedies for claims 1-10 before filing suit because he never filed an ARP complaint for claims 3 and 5, and the others remained in backlog as of October 2015. In support, Defendants provide three sworn affidavits of Joseph Cooley, an Investigator in the ARP. (*See* ECF No. 55-1; ECF No. 55-2; ECF No. 55-3). In response, Plaintiff argues that the record does not support summary judgment because the ARP remedy evidence is "ambiguous," and he references two ARP complaints as proof that "he has attempted to exhaust" his claims. (ECF No. 59 at 1-2 & n.1).

Plaintiff's arguments are without merit. First, the sworn affidavits of Joseph Cooley in no way contradict the rest of the record before the Court, and clearly indicate (1) that Plaintiff's complaints regarding claims 1, 2, 4, and 6-10 were backlogged when he filed suit, and (2) that Plaintiff never filed a complaint for claims 3 and 5. The MDOC's backlogging procedure "is not unconstitutional, nor does it abrogate § 1997e's exhaustion requirement." *Wilson*, 776 F.3d at 301 (citing

8

*Wilson v. Boise*, 252 F.3d 1356 (5th Cir. 2001) (unpublished)). Therefore, Plaintiff's claims 1, 2, 4, and 6-10 remained unexhausted while maintained in backlog. Claims 3 and 5 are unexhausted because they were never even addressed by the ARP. These claims must be dismissed for failure to exhaust administrative remedies.

    D.  <u>Claim 11 Fails to State a Violation of Constitutional Rights</u>

Plaintiff's eleventh claim, that Defendant Singleton allowed another inmate to read and remove some of Plaintiff's "legal files" from the inmate legal storage room, asserts a claim for deprivation of property and violation of his right to access the courts. However, the deprivation of property by state officials – whether negligent or intentional – does not violate the due process clause of the Fourteenth Amendment as long as adequate post-deprivation remedies exist. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The State of Mississippi provides at least three post-seizure remedies, "including actions for conversion, claim and delivery, and replevin, any of which plaintiff can use to recover property he claims was wrongfully taken from him." *Smith v. Woodall*, No. 1:14-cv-294-HSO-RHW, 2015 WL 9808777, at *5 (S.D. Miss. Oct. 28, 2015), *report and recommendation adopted*, 2016 WL 165021 (S.D. Miss. Jan. 14, 2016). Moreover, the MDOC ARP grievance procedure may constitute an adequate post-deprivation remedy, *see Hudson*, at 536 n.15, and the Fifth Circuit has held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process. *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). These remedies are adequate.

This analysis does not change because the property stolen was legal files. Prisoners have a constitutional right of access to the courts, but an actual injury must result from Defendants' alleged deprivation of Plaintiff's property in order to prevail. *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 817, 821, 828 (1977)). Plaintiff asserts that these documents were necessary to prove his claims in *Jones v. Darr,* No. 1:13-cv-511-KS-MTP (S.D. Miss. Mar. 26, 2015). He specifically states that these files were "proof of my property being taken and destroyed." The Court cannot fathom what kind of legal files would serve as proof that other property had been stolen. Moreover, Magistrate Judge Parker found Plaintiff's testimony not credible and his claims meritless; Judge Starrett adopted Magistrate Judge Parker's Report and Recommendations and dismissed Plaintiff's claims with prejudice. *Jones v. Darr*, No. 1:13-cv-511-KS-MTP (S.D. Miss. May 21, 2015). Plaintiff cannot show that he would have been successful in that previous lawsuit if only his legal papers had not been stolen, thus he cannot show an actual injury. *See Harbin v. Epps*, No. 4:10-CV-109 HTW-LRA, 2013 WL 4432155, at *3 (S.D. Miss. Aug. 15, 2013). Plaintiff has not stated a constitutional violation in claim 11.

E. Claims 12 and 13 Are Entirely Unsubstantiated

Plaintiff asserts in claim 12 that Defendants all acted in concert, pursuant to the orders of Johnnie Denmark and Ronald King, to retaliate against Plaintiff for filing prior lawsuits. However, Plaintiff provides nothing more than this bald assertion to support such a claim. He has not even provided more specific factual

10

allegations to buttress this conclusory allegation of orchestrated retaliation. The assertions in his thirteenth claim regarding living conditions are similarly unsubstantiated. Because such conclusory allegations and unsubstantiated assertions are insufficient at the summary judgment stage of review, *see Celtic Marine Corp. v. James C. Justice Cos., Inc.*, 760 F.3d 477, 481 (5th Cir. 2014), the Court finds that claims 12 and 13 must be dismissed.[5]

F. Plaintiff's Request for Appointment of Counsel is Denied

Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. *See Salmon v. Corpus Christi Indep. Sch. Dist.,* 911 F.2d 1165, 1166 (5th Cir. 1990); *Jackson v. Cain,* 864 F.2d 1235, 1242 (5th Cir. 1989); *Cupit v. Jones,* 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. *See Freeze v. Griffith,* 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain,* 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson Co. Comm'rs Court,* 778 F.2d 250, 253 (5th Cir. 1985); *Ulmer v. Chancellor,* 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual brining it. *See Freeze,* 849 F.2d at 175; *Good,* 823 F.2d at 66; *Feist,* 778 F.2d at 253; *Ulmer,* 691 F.2d at 212. The Fifth Circuit has directed trial courts to

---

[5] In dismissing claim 13 because of its conclusory nature and unsubstantiated status, the Court passes no judgment on whether any of the assertions regarding living conditions amount to articulated violations of constitutional rights. On their face, most – if not all – appear suspect at best.

consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the court and the defendant, through sharpening of the issues, the shaping of the examination and cross-examination of witnesses, and thus, the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock Co., Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991); *Feist,* 778 F.2d at 253; *Ulmer,* 691 F.2d at 213. It is also appropriate for the Court to consider whether the indigent plaintiff has demonstrated an inability to secure the assistance of private counsel, especially in view of the opportunity for a prevailing Section 1983 plaintiff to recover attorney's fees. *Cain,* 864 F.2d at 1242.[6]

After consideration of the record along with applicable case law, the Court finds no exceptional circumstances warranting appointment of counsel. Most of the claims advanced by Plaintiff are of the type routinely advanced and handled by *pro se* prisoner plaintiffs, and neither the Court nor Defendants will benefit from having an attorney sharpen the issues behind his more conspiratorial claims. Plaintiff has shown himself capable of presenting his Complaint, its deficiencies on the merits notwithstanding. His own unwillingness to comply with the PLRA's exhaustion requirements (with which he should be intimately acquainted after having filed numerous civil suits) and the lack of any supporting evidence for his claims will not

---

[6] The *in forma pauperis* statute provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "[T]he court is only in a position to ask a lawyer to afford free legal services. Congress's use of the word 'request' allows 'courts to ask but not compel lawyers to represent indigents. *Mallard v. U.S. Dist. Court for So. Dist. of Iowa,* 490 U.S. 296, 307 (1989). Section 1915(e)(1) thus codifies a district court's discretionary authority to recruit a lawyer to provide pro bono representation to an indigent plaintiff, but it "does not authorize the federal courts to make coercive appointments of counsel." *Id.* at 310. Thus, the court faces the same task as is faced by plaintiff and his family – recruiting a volunteer lawyer to handle a case without promise of remuneration." *Baker v. Co. of Missaukee,* No. 09-01059, 2011 WL 4477154, *1 (W.D. Mich. Sept. 26, 2011).

be cured by appointment of counsel. Moreover, Plaintiff has failed to demonstrate that he is unable to secure private counsel.

### III. RECOMMENDATIONS

The undersigned recommends that James Burck's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 22) and Ronald Woodall's affirmative defense of failure to exhaust administrative remedies (ECF No. 21, at 2) be GRANTED, that Plaintiff's claims 1-10 be DISMISSED without prejudice, and that Plaintiff's claims 11-13 be DISMISSED with prejudice. Additionally, the undersigned recommends that Plaintiff's request for appointment of counsel in "Plaintiff Response in Opposition to Docket 57 58 60 61 for Failure to Exhaust Administrative Remedies" (ECF No. 62) be DENIED.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of the court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written

objections to the proposed findings, conclusions, and recommendations shall be barred except upon grounds of plain error, from attacking on appeal any proposed factual findings or legal conclusions adopted by the Court to which he did not object. *Douglas v. United Servs. Automobile Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 5th day of July, 2016.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE